

**Signed: March 17, 2008**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                             No. 06-40277 TG
                                                  Chapter 13
MICHAEL S. JOHNSON, CINDY
CHOI JOHNSON,

                    Debtors.
_____/

## MEMORANDUM AND ORDER VACATING CONFIRMATION ORDER AND DISMISSING CASE WITH PREJUDICE

The Court previously found, in a related adversary proceeding, that the above-captioned debtors had obtained confirmation of their chapter 13 plan through a fraud on the Court and vacated the confirmation order. Thereafter, it issued an order to show cause (the "OSC") why the case should not be dismissed with prejudice on this account. In response to the OSC, the debtors filed a memorandum attempting to persuade the Court that dismissal with prejudice was not appropriate. The Court finds the arguments made therein unpersuasive. The history of the case and the reasons for the Court's decision are set forth below.

The debtors filed a voluntary chapter 7 petition on March 8, 2006 and converted their case to chapter 13 on March 26, 2006. They

filed their schedules of assets and liabilities (the "Schedules") and Statement of Financial Affairs ("SOFA") on March 23, 2006. In their Schedules, they listed approximately $539,000 of secured debt and $168,000 in general unsecured debt. Hsiu Lin Yeh ("Yeh") was not listed as a creditor.

The debtors filed a chapter 13 plan April 5, 2006 and a third amended plan on August 18, 2006 (the "Plan"). On September 23, 2006, Yeh was added as a unsecured creditor with a disputed claim in the amount of $9,100. On or about December 23, 2006, Yeh filed a proof of claim in the debtors' bankruptcy case in the amount of $612,457. On or about January 9, 2007, the chapter 13 trustee (the "Trustee") filed an objection to Yeh's claim as untimely, in which the debtors joined. On February 2, 2007, Yeh filed a motion to allow her claim as a late claim.

On February 14, 2007, Yeh filed an adversary proceeding seeking to revoke the order confirming the Plan and seeking a determination that her claim was not dischargeable: i.e., A.P. No. 07-4032 AT (the "Adversary Proceeding"). A hearing was conducted on the Trustee's objection to Yeh's claim. At that time, the Court found that the claim was untimely and that the law did not permit the filing of a late claim in a chapter 13 case. The Court confirmed the Plan without prejudice to a determination that Yeh would not be bound by the Plan if, in the context of the Adversary Proceeding, the Court determined that Yeh had not received notice of the bankruptcy case in time to file a claim or an objection to the Plan.

2

A trial was conducted in the Adversary Proceeding on February 11 and 12, 2008. At the conclusion of the trial, the Court found that, prior to the commencement of the bankruptcy case, Yeh advanced a total of $564,438 to the debtor Michael Johnson ("Johnson"), originally as a short term business loan and later to assist him in obtaining a windfall profit in a scheme in which he had already begun to invest and that turned out to be a scam. The Court found that Johnson had promised to share the profits from the scheme with Yeh if there were any, if not, to repay them what they had advanced to him.[1] The Court did not believe Johnson's testimony that Yeh had advanced the money as an independent investor in the scheme. Thus, the Court found that Johnson owed Yeh a debt in the amount advanced, plus interest.

The Court found that Yeh knew that Johnson filed for bankruptcy at or near the time that he filed in March of 2006. The Court was persuaded that the reason that Yeh did not file a claim at that time was that Johnson told her that, because she was not listed as a creditor, she would not be affected by the bankruptcy. The Court found that Johnson warned Yeh not to tell his other creditors about the bankruptcy. He promised to sell his house and pay Yeh but not his other creditors. Yeh initially relied on this promise. However, she became Johnson sold his house and still did not repay her. At that time, she went to the police, contacted an attorney, and

---

[1]The Court held that the claim was not incurred through fraud. It was not persuaded that Johnson had no intention of repaying Yeh when he borrowed the money.

3

appeared on a television show, exposing Johnson's misconduct. In response, Johnson amended the Schedules to list Yeh as a disputed unsecured creditor.

Based on these factual findings, the Court held that, because Yeh had notice of the bankruptcy case in time to file a timely claim and to object to confirmation of the Plan, she was bound by its terms. However, the Court held that Johnson's conduct constituted a fraud on the court as well as on Yeh. It found that Johnson knew at the time he converted his case from chapter 7 to chapter 13 that he owed more than $564,000 to Yeh, bringing his total unsecured debt to over $720,000. As applicable to this case, an individual who owes unsecured debts of $307,675 or more is not eligible to be a chapter 13 debtor. For this reason, the confirmation order should be revoked and the case dismissed. The only remaining issue was whether it should be dismissed with prejudice.

Based on its findings, the Court surmised that the case should be dismissed with prejudice. However, because Yeh did not seek this relief in the Adversary Proceeding, the Court felt compelled to give the debtors an opportunity to persuade the Court otherwise. Accordingly, the Court issued the OSC, directing the debtors to file any evidence or argument they deemed appropriate opposing this disposition. The Court indicated that, if it found insufficient merit in the filing, it might rule on the order to show cause without further hearing.

4

On March 12, 2008, Johnson filed a memorandum (the "Memorandum") opposing the OSC.[2]  In the Memorandum, Johnson made three arguments, none of which had any merit.  First, Johnson noted that the primary basis for the Court's finding that he had committed a fraud on the court was its assumption that, if Yeh's debt had been scheduled, he would not have qualified as a chapter 13 debtor because his unsecured debts would have exceeded the debt limits established by 11 U.S.C. § 109(e).  He contends that this assumption was in error, because, even if Yeh had been listed as a creditor in the full amount claimed, her claim would have been listed as disputed and thus would not have been included in the calculation of his debts for debt limit purposes.  Johnson is mistaken.  Section 109(e) does not exclude from the calculation of the debt limits "disputed" debts, only contingent or unliquidated debts.  The amount of Yeh's claim was noncontingent and liquidated.

Second, Johnson contends that, if a court does not confirm a chapter 13 plan (or vacates an order confirming it), it can only dismiss or convert the case.  There is no statutory basis for dismissing it with prejudice.  In support of this contention, he cites a 1981 bankruptcy court case from Illinois.  More relevant to this issue is In re Leavitt, 171 F.3d 1219 (9th Cir. 1999), affirming this Court's dismissal of a chapter 13 case with prejudice on the basis of the debtor's fraudulent conduct.  See also In re Marrama,

---

[2]The Memorandum stated that the debtors had finalized a divorce and that counsel representing the debtors at trial no longer represented Mrs. Johnson.  Thus, the Memorandum was filed only on behalf of Mr. Johnson.

5

127 S.Ct. 1105, 1112 (2007)(bankruptcy court may, under either § 105 or its inherent powers, issue appropriate sanctions in response to "abusive litigation practices")

Finally, Johnson notes that, because the Court determined that Yeh had notice of the bankruptcy in time to file a claim and that the claim was dischargeable, Yeh is not a creditor and has no standing to seek dismissal with prejudice. Johnson's final argument ignores the fact that at issue at present is the Court's order to show cause, not any relief sought by Yeh. The Court concludes that Johnson's conduct in failing to list Yeh as a creditor by persuading her she would be paid outside the bankruptcy in preference to other creditors was a fraud on the court. Thus, the appropriateness of a dismissal of the case with prejudice does not turn on Yeh's standing as a creditor.

Based on the foregoing, it is hereby

ORDERED that the above-captioned case be, and it hereby is dismissed with prejudice.

END OF DOCUMENT

6

```
                        COURT SERVICE LIST

Raymond R. Miller
Law Offices of Raymond R. Miller
P.O. Box 2177
Castro Valley, CA 94546
```

7